# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | : | |
|---|---|---|
| **J.H.,** | : | |
| Plaintiff, | : | CIVIL ACTION |
| v. | : | |
| | : | NO. 17-3520 |
| **CITY OF PHILADELPHIA et al.,** | : | |
| Defendants. | : | |

## MEMORANDUM

PRATTER, J.                                                                                                                                  NOVEMBER 27, 2017

### INTRODUCTION

Alleging that a city police officer sexually assaulted her, plaintiff J.H. has sued four defendants: the City of Philadelphia, Police Commissioners Charles Ramsey and Richard Ross, and Officer Thomas O'Neill. Three of the four defendants removed the case to this Court. In response, J.H. has filed a motion to remand. The Court must now decide whether removal was proper and concludes that it was.

### BACKGROUND

Before the suit was filed, an attorney for the City told counsel for J.H. that "the city will be accepting service for Officer O'Neill" and admonished J.H.'s counsel, "[p]lease do not have further contact with him." Mot. Remand Ex. C.

Then, in quick succession, the complaint was filed in state court; the City Law Department accepted service of process (ostensibly for all defendants: the City, Commissioners Ramsey and Ross, and Officer O'Neill); and all defendants except for Officer O'Neill removed the case to this Court on August 7, 2017. Officer O'Neill had retired a year earlier, and city

attorneys later sent him a letter informing him that the city would not be defending him and instructing him to obtain his own counsel.

J.H. has filed a motion to remand, arguing that removal was improper because Officer O'Neill did not consent to removal. In response, the removing defendants argue that Officer O'Neill did not need to consent because he was never properly served.

## LEGAL STANDARD FOR REMAND AND REMOVAL

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Once a defendant has removed an action, a plaintiff may seek a remand to state court. 28 U.S.C. § 1447. A district court can remand a case for lack of subject matter jurisdiction or for a defect in the removal procedure. *PAS v. Travelers Ins. Co.*, 7 F.3d 349, 352 (3d Cir. 1993).

Under the unanimity rule, "when there is more than one defendant, all must join in the removal petition." *Lewis v. Rego Co.*, 757 F.2d 66, 68 (3d Cir. 1985) (applying 28 U.S.C. § 1446). Removal is still proper where a non-joining defendant was not served at the time that the notice of removal was filed. *See Balazik v. Cty. of Dauphin*, 44 F.3d 209, 213 n.4 (3d Cir. 1995).

## DISCUSSION

J.H.'s motion to remand boils down to a single question: had Officer O'Neill been properly served at the time of removal? If yes, then his failure to join in the removal petition violated the unanimity rule. If no, then the removal was still proper.

Officer O'Neill was not properly served. Under the service-of-process rule most on point, service may be made by delivering a copy of the summons and complaint "to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e)(2)(C). Though the City claimed to have authority to accept service of process on behalf of Officer

O'Neill, that apparent authority is not enough. *See U.K. LaSalle, Inc. v. Lawless*, 618 A.2d 447, 450 (Pa. Super. 1992) ("An attorney may not, without express authority, accept or waive service of original process . . . .") (quoting *Hopkins v. Hagenbuch*, 50 D. & C. 2d 531, 534 (Chest. 1970)).

There is no indication that Officer O'Neill gave the City express authority to accept service. Indeed, parties on both sides struggled to reach Officer O'Neill until long after the case was removed. *See, e.g.*, Defs' Resp. at 4 (recounting, as of September 14, 2017, that City agents "attempted personal service with no success" and that "[t]here has been no indication that [counsel for J.H.] has had any success in serving Mr. O'Neill"). Without express authority, the City could not accept service on behalf of Officer O'Neill. In short, Officer O'Neill was not served. Because Officer O'Neill had not been served when the other defendants filed their notice of removal, he did not need to join in the removal.

J.H. argues that all "doubts about the existence of federal jurisdiction must be resolved in favor of remand." *See Lumbermans Mut. Cas. Co. v. Fishman*, No. 99-929, 1999 WL 744016, at *1 (E.D. Pa. Sept. 22, 1999). That statement, though true, does not take J.H. very far. Failure to join all defendants is a "defect in removal procedure," and is "not deemed to be jurisdictional." *Balazik*, 44 F.3d at 213.

This outcome is admittedly harsh. Indeed, superficially it appears to reward the City for decidedly low behavior.[1] J.H. had been told that the City would accept service of process for Officer O'Neill and had respected the City's request not to contact Officer O'Neill. J.H. did not learn that service on O'Neill had been faulty until after the other defendants had removed the case to this Court.

---

[1] One unfortunate message from this case is that litigants and lawyers may be less likely in the future to take City lawyers at their word.

Still, service-of-process rules exist not to make life easier for plaintiffs like J.H., nor to protect co-defendants like the City, but to provide due process to defendants like Officer O'Neill. These rules reflect the "principle of general application in Anglo-American jurisprudence that one is not bound by a judgment" until one has been named and served. *Ortiz v. Fibreboard Corp.*, 527 U.S. 815, 846 (1999) (quoting *Hansberry v. Lee*, 311 U.S. 32, 40 (1940)). If one defendant could accept service for another without the other's express authority, then the absent defendant could be subject to an adverse judgment without any notice — an outcome that offends "our 'deep-rooted historic tradition that everyone should have his own day in court.'" *Id.* (quoting *Martin v. Wilks*, 490 U.S. 755, 762 (1989)). These longstanding principles compel the conclusion that Officer O'Neill was not served at the time that the case was removed. And because he was not served, removal was proper.[2]

---

[2] Long after removal, counsel for Officer O'Neill appeared on the docket and filed an "Objection to Removal." *See* Doc. No. 13. J.H. now argues that, under 28 U.S.C. § 1446(b)(2)(A), the Court must remand to state court. Section 1446(b)(2)(A) provides that "all defendants who have been properly joined and served must join in or consent to the removal of the action." Even assuming (without deciding) that Officer O'Neill's recent actions amount to a waiver of or consent to service, § 1446(b)(2)(A)'s unanimity requirement applies only to those defendants properly served *at the time of removal*. At the time this case was removed, Officer O'Neill had not been served, and all then-served defendants did consent.

Instead, 28 U.S.C. § 1448 provides more guidance as to the effect of any action by Officer O'Neill now. Section 1448 governs service of process for defendants added after removal and further provides that "[t]his section shall not deprive any defendant upon whom process is served after removal of his right to move to remand the case." Thus, late-served defendants like Officer O'Neill retain some ability to move to remand the case to state court. But because Officer O'Neill has not filed a motion to remand, the Court need not decide the scope of the right to remand preserved by § 1448.

**CONCLUSION**

For the foregoing reasons, J.H.'s motion to remand is denied. An appropriate order follows.

BY THE COURT:


S/Gene E.K. Pratter
GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE